UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. CRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>F. CORREIA,<br><br>  Defendant. | No. 1:19-cv-01641-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF Nos. 41, 43) |

On April 12, 2021, Plaintiff Joseph L. Cray, a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action, filed a motion to compel stating that he "wish[es] for the defendant to show forth any past/prior of the same accusations." (ECF No. 41). He also asked for "any tips of paperwork on whats to come next and or how to go by doing." Id.

On May 3, 2021, Defendant F. Correia responded in opposition to the motion, stating that Plaintiff has not requested any discovery "either informally in a letter or formally through service of a written discovery request" from Defendant and thus there is no withheld discovery to compel Defendant to produce. (ECF No. 42).

On May 14, 2021, Plaintiff filed a document stating that he "would like to withdraw [his] motion to compel, but I do wish to request for obtaining defendants discovery." (ECF No. 43).

The Court will grant Plaintiff's request to withdraw his motion to compel.

If Plaintiff wishes to request these documents from defendants, he should write to defense

1

counsel, Stacia Johns, and request the documents. He should state exactly what documents he is requesting. Defendant has 45 days to respond to this request. If Defendant fails to respond, or Plaintiff believes Defendant should have provided more documents in response, Plaintiff can file a motion to compel production of the requested documents, keeping in mind the deadlines discussed below.

The Court's Scheduling order dated December 23, 2020, provides more information about discovery requests. (ECF No. 34, at p. 2).

Without deciding the issue, Plaintiff may not be entitled to the documents he describes. The Court notes that Federal Rules of Evidence prevent a party from using evidence of "any other crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of any other crime, wrong, or act may be admissible "as proving motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). While "admissibility [under the Federal Rules of Evidence] is not the standard used to determine discovery," *Shi v. Cent. Arizona Coll.*, No. 08-80131-RMW(HRL), 2008 WL 4665985, at *1 (N.D. Cal. Oct. 21, 2008), the information sought must still be "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). Thus, if Plaintiff requests information about Defendant's past acts, other than the acts directly at issue in the complaint, he should specify what acts he is requesting. And if Plaintiff files a motion to compel, the Court will evaluate whether the past acts are relevant to his claim.

Plaintiff is also reminded that the deadline in this case for motions to compel is May 14, 2021, and the deadline for all non-expert discovery is July 25, 2021. If Plaintiff believes he needs an extension of these deadlines, he should file a motion to extend the deadlines and should explain why he did not request discovery and file a motion to compel earlier.

As for Plaintiff's request for "whats to come next and or how to go by doing," the Court will send Plaintiff another copy of the Court's scheduling order that set the deadlines in this case. (ECF No. 34). (The Court notes, however, that the discovery and status conference that was set for June 14, 2021 has been vacated and will not go forward.) (ECF No. 40).

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to withdraw his motion to compel (ECF No. 43) is granted. The Clerk is directed to withdraw Plaintiff's motion to compel. (ECF No. 41).
2. The Clerk of the Court shall send Plaintiff a copy of the Court's Scheduling Order (ECF No. 34).

IT IS SO ORDERED.

Dated: __**May 18, 2021**__ /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE